IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GREGORY LARKINS<br>3001 Rt. 130, Apt. 30-N<br>Delran, NJ 08075 | : <br> : <br> : <br> : | CIVIL ACTION<br><br>NO.: _____ |
| Plaintiff, | : <br> : | JURY TRIAL DEMANDED |
| v. | : <br> : | |
| VISIONQUEST NATIONAL, LTD.<br>600 N. Swan Road<br>Tucson, AZ 85711<br>and<br>VISIONQUEST NONPROFIT<br>CORPORATION, d/b/a VISIONQUEST<br>LODGEMAKERS<br>600 N. Swan Road<br>Tucson, AZ 85711 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |
| Defendant. | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### I. INTRODUCTION

1. This action has been initiated by Gregory Larkins (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Family and Medical Leave Act, 42 U.S.C. § 1981, the New Jersey Law against Discrimination, and other state law(s).

### II. JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights. This Court also has subject matter jurisdiction through diversity because Plaintiff is a domiciliary and citizen of New Jersey, seeking an amount

exceeding $75,000.00, exclusive of costs and interest, from Defendants, who are not citizens of New Jersey.

3. This Court has personal jurisdiction over Defendants because Defendants, by systematically soliciting business in New Jersey (operating multiple businesses therein), have sufficient minimum contacts with this judicial district that the exercise of such jurisdiction comports with judicial notions of fair play and substantial justice, satisfying the standards set forth in *International Shoe Company v. Washington*, 326 U.S. 309 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391, venue is properly laid in this district because Defendant conducts substantial, systematic and continuous activity in this district and is subject to personal jurisdiction in New Jersey. Additionally, all transactions and occurrences underlying the allegations in this action occurred in Burlington County, New Jersey.

### III. PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual with an address as set forth above.

7. Defendant Visionquest Nonprofit Corporation, d/b/a Visionquest Lodgemakers (hereinafter referred to as "Defendant Lodgemakers") is a non-profit corporation that is incorporated in Arizona and which maintains its corporate office in Arizona. Defendant Lodgemakers is engaged in the business of providing educational services in at least six (6) states, including New Jersey.

8. Defendant Visionquest National, Ltd. (hereinafter "Defendant National") is incorporated in Arizona and maintains a principal place of business in Downingtown,

Pennsylvania. Defendant National provides management and administrative services to the educational operations of Defendant Lodgemakers.

9. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

10. Both Defendants are identified on a website captioned "VisionQuest," and the website states, "[t]ogether these organizations employ approximately 1,000 staff members," in reference to both Defendants.

11. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

### IV. FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff began working for Defendants' New Lisbon, New Jersey location, known as "The Barnes Family Pathfinder Camp" in or about May of 2004 as a child care professional/provider.

14. Plaintiff was a full-time employee for Defendants, and it was known to Defendants that Plaintiff also worked another full-time job in addition to his job with Defendants for the Burlington County Special Services School.

15. Plaintiff's supervisor at Defendants' New Lisbon location (hereinafter referred to as "the camp") was, and upon information and belief, remains married to the principal at Burlington County Special Services School ("BCSSS").

16. Plaintiff's supervisor at the camp shared and discussed personal and work-related information with the principal of BCSSS concerning Plaintiff.

17. In or about October of 2005, a student at BCSSS alleged that Plaintiff conducted himself in a flirtatious manner and/or acted inappropriately.

18. Plaintiff was permitted to remain employed during an investigation by the Division of Youth and Family Services ("DYFS") at BCSSS, but Defendants temporarily suspended Plaintiff during said investigation.

19. In mid-January of 2006, Plaintiff took a medical leave of absence from BCSSS due to a serious back injury.

20. Shortly after informing BCSSS about said injury and his need for a medical leave, Defendants contacted Plaintiff to request medical information from him despite that Plaintiff had not had an opportunity to inform Defendants of his then current medical condition.

21. While on suspension from Defendants, Plaintiff provided medical documentation to Defendants at their request, including information related to his diagnosis, need for medical leave, and other health information.

22. Defendants became aware in March of 2006 that after a full investigation, DYFS concluded that any accusations of inappropriate conduct by Plaintiff were unfounded.

23. Following the aforesaid determination by DYFS and Plaintiff's medical leave which ran parallel with his suspension, Plaintiff attempted to return to work with Defendants.

4

24. Plaintiff attempted to contact Defendants on multiple occasions after his medical leave but was continuously stonewalled and never informed of if or when he would be permitted to return to work.

25. Defendants never provided Plaintiff with any documentation on the status of his employment from April of 2006 through December of 2006.

26. Prior to Plaintiff's suspension, Defendants' management used very racially derogatory language toward Plaintiff, who is black, some of which took place in the presence of other employees.

27. Plaintiff was referred to as a "nigger" on multiple occasions and heard references to the effect of black people only being good for cleaning.

28. Plaintiff believes that Defendant constructively terminated him and that illegal criterion underlying this termination were his aforesaid medical leave and because of his race.

## Count I
### Violations of 42 U.S.C. § 1981

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. Upon information and belief, at all times relevant herein, Defendant discriminated against Plaintiff because of his race by making racial comments about him, treating him in a disparate manner, and by constructively terminating him because of his race.

31. These actions as aforesaid constitute violations of 42 U.S.C. § 1981.

## Count II
### New Jersey Law against Discrimination (Race Discrimination)

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

5

33. These actions as aforesaid violated the New Jersey Law against Discrimination.

## Count III
### Violation of the Family and Medical Leave Act (Interference & Retaliation)

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(2)(a)(i)(ii).

36. Plaintiff informed Defendants, his employers, with whom he had been employed for at least twelve (12) months pursuant to the requirements of 29 U.S.C.A. § 2611(2)(i) about his need for a medical leave of absence.

37. Plaintiff had at least 1,250 hours of service with Defendants during the prior twelve (12) months.

38. Defendants are engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A. § 2611(4)(A)(i).

39. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A. § 2612 (a)(1) for a total of twelve (12) work weeks of leave because he had qualifying physical health problems, namely a serious back injury.

40. Defendants had an affirmative obligation to enter into an interactive process with Plaintiff and to inform him of his rights under the FMLA but completely failed to do so.

41. Defendant violated the FMLA by not informing Plaintiff of his FMLA rights, not permitting Plaintiff to take leave under the FMLA, and by not restoring Plaintiff to his previous position following his medical leave.

42. Defendant's actions constitute interference violations of the FMLA, as well as retaliation violations of the FMLA because it was Defendants' intent to penalize Plaintiff for taking a medical leave of absence.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be permanently enjoined from discriminating or retaliating against Plaintiff or any other present employees on any basis forbidden by the New Jersey Law against Discrimination and 42 U.S.C. § 1981;

B. Defendants are to promulgate and adhere to a policy prohibiting racial discrimination;

C. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

D. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions (except as to his FMLA claim);

E. Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future and liquidated damages under the FMLA;

F. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

G.  Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & VIRANT**

By: _____
Ari R. Karpf, Esquire
3070 Bristol Pike
Bldg. 1, Ste. 102
Bensalem, PA 19020

Dated: February 9, 2007